IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TARA L. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3456 |
| | ) | |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant University of Chicago's (University) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted.

## BACKGROUND

In October 2014, Plaintiff Tara L. Hunter (Hunter), an African American female, allegedly applied for a position as Human Resources/Academic Affairs and Operations Administrator in the University's Department of Neurology. Hunter was allegedly interviewed and had a final interview in November 2014. Hunter claims that during the final interview she was asked if she had children. In December 2014, Hunter was allegedly informed that she was not selected for the position. Hunter

1

contends that a Caucasian female who did not have any young children or school age children was chosen for the position. According to Hunter, the individual chosen had less work experience than Hunter in human resource matters. Hunter includes in her second amended complaint a claim alleging discrimination based on her race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000 *et seq.* (Count I), a claim alleging discrimination based on her race in violation of 42 U.S.C. § 1981 (Section 1981) (Count II), a Title VII race plus discrimination claim (Count III), a Section 1981 race plus discrimination claim (Count IV), and a Title VII sex plus discrimination claim (Count V). The University now moves to dismiss the claims in Counts II, III, IV, and V.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that

2

contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Section 1981 Claim

The University contends that Hunter has failed to plead sufficient facts to state a valid Section 1981 claim. For a Section 1981 claim, a plaintiff must establish: (1) that she is a member "of a racial minority," (2) that "the defendant had an intent to discriminate on the basis of race," and (3) that "the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413-14 (7th Cir. 1996). The University argues that Hunter has failed to allege facts that indicate an intent to discriminate against her based on her race. Hunter specifically alleges that the University had an intent to discriminate against her because of her race. (SA Compl. Par. 51, 56).

Hunter alleges that she interviewed for a position and that the University decided to hire a less qualified Caucasian female applicant. (SA Compl Par. 12-30). Hunter fails to allege facts that would indicate that she was clearly more qualified than the female applicant hired. Hunter's subjective belief as to how her

3

qualifications matched up to the female applicant hired are not sufficient, even under the liberal notice pleading standard. Nor is Hunter's subjective belief that she was a more qualified applicant sufficient. There are many factors that the University may have taken into consideration when making its hiring decision. Alleging facts that indicate the mere possibility of discrimination is not sufficient even under *Twombly*. *Iqbal*, 129 S.Ct. at 1949. Hunter must allege facts that plausibly suggest such discriminatory intent and the mere fact that another female applicant was selected for the position who was not African American is not sufficient to suggest that Hunter was not chosen because of her race. Therefore, the University's motion to dismiss the Section 1981 claim is granted.

## II. Race Plus and Sex Plus Claims

The University argues that the race plus and sex plus claims are not cognizable claims. Although a Title VII claim is normally based upon one of the protected characteristics, some circuits have allowed a Title VII claim to be based on a combination of the protected characteristics. *Napolitano*, 2013 WL 1285164, at *9 (S.D.N.Y. 2013). Race plus claims and sex plus claims are two types of "intersectional discrimination" claims that have been recognized in certain circuits. *Id.*; *Kimble v. Wisconsin Dep't of Workforce Dev.*, 690 F. Supp. 2d 765, 769 (E.D. Wis. 2010). The Seventh Circuit, however, has not yet recognized such claims in the Title VII or Section 1981 context. *Coffman v. Indianapolis Fire Dep't*, 578 F.3d

559, 563 (7th Cir. 2009)(stating that the Court has "not yet decided in this circuit whether we recognize a 'sex-plus' theory of discrimination"); *Logan v. Kautex Textron N. Am.*, 259 F.3d 635, 638 n. 2 (7th Cir.2001))(addressing sex plus claims). This court declines to recognize such novel causes of action pled by Hunter in this case. The court also notes that even if such claims were cognizable claims, Hunter failed to exhaust her administrative remedies for such Title VII claims. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013). Therefore, the University's motion to dismiss the race plus and sex plus claims is granted.

## CONCLUSION

Based on the foregoing analysis, the University's partial motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 16, 2017